UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVION MAURICE ALEXANDER,

            Petitioner,

v.

ROB JACKSON,

            Respondent.

Case No. C24-354-BJR-MLP

ORDER DIRECTING RESPONDENT TO SUPPLEMENT THE RECORD

Petitioner Kevion Alexander is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2019 King County Superior Court judgment and sentence. (*See* dkt. ## 1, 6.) On June 24, 2024, Respondent filed an answer to Petitioner's federal habeas petition in which he argues that the statute of limitations applicable to petitions brought under § 2254 bars review of Petitioner's petition. (Dkt. # 9 at 6-7.) Respondent further argues that even if Petitioner's petition is not time barred, Petitioner cannot demonstrate that he is entitled to relief on the merits of his claims. (*See id.* at 8-17.) Respondent submitted with his answer portions of the state court record relevant to the statute of limitations issue, but

ORDER DIRECTING RESPONDENT TO
SUPPLEMENT THE RECORD - 1

not those portions necessary to consider the merits of Petitioner's claims. (*See* dkt. # 10.) Petitioner has not filed a response to Respondent's answer and, thus, he has not challenged Respondent's arguments that his petition is untimely or that he is otherwise not entitled to relief.

      This Court has now reviewed Respondent's arguments in light of the state court record currently available to it, and that review has revealed an issue upon which the Court requires further clarification. That issue arises out of Respondent's statute of limitations argument and concerns Petitioner's entitlement to statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). Respondent acknowledges in his answer that Petitioner is entitled to statutory tolling of the limitations period for the time during which his personal restraint petition was pending in the state courts. (*See* dkt. # 9 at 6.) According to Respondent, the limitations period was tolled from November 9, 2022, the date Petitioner filed his personal restraint petition in the state courts, to October 9, 2023, the date the Washington Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceedings. (*See id.* at 6-7.)

      The state court record shows that at the time the Court of Appeals issued its certificate of finality, Petitioner's motion for discretionary review of that court's decision dismissing his personal restraint petition was still pending in the Washington Supreme Court. (*See* dkt. # 10, Exs. 12, 14.) The state court record further shows that Petitioner's motion for discretionary review remained pending in the Washington Supreme Court for over two and a half more months before that court issued its ruling denying review on December 29, 2023. (*See id.*, Ex. 13.) Respondent argues that Petitioner's federal habeas petition is untimely because Petitioner signed his original petition five days after the statute of limitations expired. (Dkt. # 9 at 7.) If, as the

ORDER DIRECTING RESPONDENT TO
SUPPLEMENT THE RECORD - 2

record suggests, Petitioner is entitled to over 80 days of additional tolling, this would appear to undermine Respondent's argument that the petition is time barred.

Assuming that Petitioner's petition is not time barred, the Court will be required to reach the merits of Petitioner's claims. This will in turn necessitate production of the transcripts of Petitioner's trial by Respondent.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Not later than **September 20, 2024**, Respondent shall submit additional briefing with respect to his statute of limitations argument. In particular, Respondent should explain why the Court of Appeals' issuance of a certificate of finality represents the end point of Petitioner's personal restraint proceedings rather than the Washington Supreme Court's later issuance of its decision terminating review.

(2) By the same date, Respondent shall submit the verbatim report of proceedings from Petitioner's state trial. Respondent's answer to Petitioner's federal habeas petition (dkt. # 9) is RE-NOTED on the Court's calendar for consideration on **September 20, 2024**.

(3) The Clerk shall send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Barbara J. Rothstein.

DATED this 20th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge